Filed 10/24/14  P. v. Stewart CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DAVID GREGORY STEWART, <br><br> Defendant and Appellant. | H039490 <br> (Santa Clara County <br> Super. Ct. No. C1085574) |

Defendant David Gregory Stewart appeals from a judgment of conviction entered after he pleaded no contest to one count of violating Penal Code section 290.013, subdivision (a).[1]  He also admitted that he had suffered three prior serious felony convictions (§§ 667, subds. (b)-(i), 1170.12) and had served two prior prison terms (§ 667.5, subd. (b)).  We affirm the judgment.

## I.  Statement of Facts

On July 12, 2010, defendant's registered address was checked for compliance with section 290 requirements.  According to a witness, defendant moved in February 2010 and did not leave a forwarding address.  Defendant failed to register within five working days after changing his address.

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

1

Defendant was required to register as a sex offender based on January 30, 1986 convictions for two counts of rape by force and one count of oral copulation by force.

## II. Statement of the Case

In June 2011, defendant was charged by information with one count of failing to register a change of address (§ 290.013, subd. (a)) on or about July 12, 2010. It was also alleged that defendant had suffered three prior serious felony convictions (§§ 667, subd. (b)-(i), 1170.12), all arising from the same incident: two convictions for rape by force (§ 261, subd. (a)(2)) and one conviction for oral copulation by force (§ 288a, subd. (c)). In addition, it was alleged that defendant had served two prior prison terms (§ 667.5, subd. (b)): rape by force and failure to register pursuant to section 290.

On July 18, 2011, defendant requested a *Marsden*[2] hearing. Following a hearing, the motion was denied. Two days later, defendant filed a *Faretta*[3] motion, which was granted. Shortly thereafter, an investigator was appointed to assist defendant. In September 2011, the trial court ordered that a copy of the public defender's file be turned over to defendant.

In November 2011, defendant filed a discovery motion. The motion was granted.

On December 12, 2011, defendant was not present in court because he refused to vacate his cell. On December 21, 2011, the trial court revoked defendant's pro per status and appointed the public defender to represent him.

On February 29, 2012, defendant requested a *Marsden* hearing. Following a hearing, the trial court denied the motion.

On March 5, 2012, defense counsel brought a motion for a psychiatric evaluation of defendant pursuant to section 1368. The trial court granted the motion and suspended

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).
[3] *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).

2

criminal proceedings. On May 9, 2012, defendant was found competent to stand trial and criminal proceedings were reinstated.

Following a hearing on May 16, 2012, the trial court denied defendant's *Faretta* motion.

On June 25, 2012, the criminal proceedings were suspended, and the trial court ordered a psychiatric evaluation of defendant pursuant to section 1368. On August 8, 2012, the trial court found defendant competent to stand trial.

On August 29, 2012, defendant brought a *Faretta* motion. Two days later, the *Faretta* motion was taken off-calendar at defendant's request.

On August 31, 2012, the trial court advised defendant of his constitutional rights to a jury trial, to confront accusers, and against compulsory self-incrimination. (*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122; *In re Yurko* (1974) 10 Cal.3d 857.) Defendant waived his rights and pleaded no contest to one count of failing to register pursuant to section 290.013, subdivision (a). He also admitted that he had suffered three prior serious felony convictions pursuant to sections 667, subdivisions (b)-(i) and 1170.12 and had served two prior prison terms pursuant to section 667.5, subdivision (b).

On October 18, 2012, defendant filed a motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) in which he requested that his prior serious felony convictions be dismissed. At that time, the trial court referred the case to the alternate defender's office (ADO) for the limited purpose of assessing a potential motion to withdraw his plea.

On October 25, 2012, the ADO informed the trial court that there was a conflict regarding representation of defendant. The trial court vacated the referral to the ADO.

On November 1, 2012, a *Marsden* hearing was held. The *Marsden* hearing was continued until November 5, 2012. The trial court denied the *Marsden* motion, but declared a doubt as to defendant's competency under section 1368, suspended criminal

proceedings, and ordered a psychiatric evaluation. On February 13, 2013, the trial court considered the psychiatric evaluation, found defendant competent, and reinstated criminal proceedings.

On March 12, 2013, defense counsel filed a *Romero* motion. At the hearing on March 29, 2013, defense counsel informed the trial court that defendant wanted to withdraw his plea on the ground that defendant did not knowingly and voluntarily waive his rights due to "improper inducement." The trial court denied the request. Following argument on the *Romero* motion, the trial court struck two of the three prior strike convictions, denied probation, imposed the upper term of three years for the section 290.013 violation, and then doubled it as a second strike. The trial court also struck the prior prison term enhancements and sentenced defendant to six years in state prison. Defendant was credited with 1,213 days, which consisted of 809 days of actual credit and 404 days of presentence credit pursuant to section 4019. The trial court also imposed a restitution fine of $1,200 pursuant to section 1202.4, a court facilities assessment of $30 pursuant to Government Code section 70373, and a court security fee of $30 pursuant to section 1465.8.

On April 2, 2013, defendant filed a timely notice of appeal. The trial court granted defendant's request for a certificate of probable cause regarding his right to self-representation. About a week later, counsel was appointed to represent defendant on appeal.

On February 20, 2014, appointed appellate counsel filed an opening brief which stated the case and the facts but raised no issues. On February 20, 2014, defendant was notified of his right to submit written argument on his own behalf.

On March 6, 2014, defendant requested additional time to file his brief. The request was granted. On May 2, 2014, defendant requested additional time to file his brief. The request was granted.[4]

On July 2, 2014, defendant's request for additional time to file his brief was granted. On August 22, 2014, defendant filed a motion for substitution of appointed appellate counsel. On September 8, 2014, this court denied his motion.

## III.    Discussion

Defendant failed to file a brief on his own behalf. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

## IV.    Disposition

The judgment is affirmed.

---

[4]    On May 9, 2014, defendant filed a motion in which he requested judicial notice of certified copies of the following: (1) exhibit A - a first amended felony complaint, dated January 12, 2004; (2) exhibit B - a felony complaint, dated October 24, 2003, an abstract of judgment, dated May 17, 2004, a minute order, dated May 13, 2004, and a minute order, dated February 2, 2004; (3) exhibit C - an information filed on June 12, 2011, a minute order dated August 31, 2012, and an abstract of judgment dated April 3, 2013; (4) exhibit D - a first amended felony complaint, filed on February 2, 2004. Defendant also submitted exhibit E, which is a summary of *People v. North* (2003) 112 Cal.App.4th 621, and exhibits F, G, H, and I, which are copies of sections 290.008, 132, 134 and Business and Professions Code section 6068, subdivision (d). Defendant argues that these documents are relevant to his claim that court officials in Santa Clara County committed gross misconduct in the prior case in which he was convicted of failing to register under section 290. The request for judicial notice is denied.

_____
Mihara, J.

WE CONCUR:


_____
Elia, Acting P. J.



_____
Bamattre-Manoukian, J.